**SOUTH BOSTON GENERAL HOSPITAL, Plaintiff,**

v.

**Casper WEINBERGER, Secretary of Health, Education and Welfare, et al., Defendants.**

**Civ. A. No. 74–C–68–D.**

United States District Court, W. D. Virginia, Danville Division.

April 24, 1975.

Harold M. Bates, Roanoke, Va., Greenebaum, Doll, Matthews & Boone, Louisville, Ky., for plaintiff.

Carr L. Kinder, Asst. U. S. Atty., Roanoke, Va., for defendants.

## OPINION AND ORDER

DALTON, District Judge.

Petitioner, South Boston General Hospital (hereinafter South Boston), has brought this action seeking this court's review of a final determination by the Secretary of Health, Education and Welfare (hereinafter the Secretary). The Secretary has filed a motion to dismiss asserting that this court is without jurisdiction to review the determination of the Secretary.

The facts of the case are not in dispute. South Boston is a provider of Medicare benefits under the Medicare Act, 42 U.S.C. § 1395 et seq., and is seeking a review of a determination by Blue Cross as agent for the Secretary which (1) reduced the depreciation expenses incurred by South Boston in a sale to a related organization and (2) denied the interest expense paid to the related organization. South Boston has exhausted its administrative remedies.

The Secretary, by counsel, asserts that this suit is barred by sovereign immunity and asks this court to dismiss the ac-

tion. The Secretary bases his motion on the language contained in 42 U.S.C. § 405(h) which provides in part that:

> No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

(§ 405(h) is expressly incorporated into the Medicare Act by 42 U.S.C. § 1395ii). The Secretary argues that the only judicial review authorized by the Medicare Act is contained in 42 U.S.C. § 1395ff which provides appeals only under certain specified circumstances: those being where (1) an individual entitled to Medicare reimbursement is denied such reimbursement and the amount in controversy exceeds $1,000.00, (2) a determination is made that a provider of services is not qualified under the Act or (3) the qualified provider's status as such is terminated by agency action. The Secretary further argues that § 405(h) precludes judicial review under § 10 of the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. which provides in part:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.

The Secretary bases his view of non-reviewability on interpreting § 405(h) as a preclusion to any judicial review of the Secretary's determination except as expressly authorized within the Medicare Act. If the court were to accept this view, § 10 of the APA would not be applicable as its operation is excluded when "Statutes preclude judicial review" (5 U.S.C. § 701(a)(1)).

The effect of § 405(h) on judicial review was considered by the United States Court of Appeals for the Second Circuit in *Cappadora v. Celebrezze*, 356 F.2d 1 (2d Cir. 1966) and the Second Circuit held that § 405(h) did not preclude review and that:

> The more reasonable construction is that [§ 405(h)] simply forbids attempts to review final decisions on the merits by any route other than that provided in § 405(g)  .  .  . (356 F.2d at 5).[1]

While *Cappadora* was a decision involving the Social Security Act rather than the Medicare Act, the Second Circuit held that the interpretation of Section 405(h) in *Cappadora* applied under the Medicare Act as well, *Aquavella v. Richardson*, 437 F.2d 397 (2d Cir. 1971):

> Where the Medicare Act establishes procedures for review of the Secretary's decision, a court may not review that decision by any other means. However, where the Act does not provide such procedures, section 405(h) does not preclude review. (437 F.2d at 402).

This court adopts the position put forth by the Second Circuit and holds that Section 405(h) does not preclude this court's review of the Secretary's determinations in the present case. Accordingly, the Secretary's motion to dismiss is ordered denied and the Secretary is ordered to file responsive pleadings within twenty (20) days.

---

1. § 405(g) referred to above provides in part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States. . . . The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  .  .  .